IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHRISTIAN BLANCHARD,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF TYLER POLICE DEPARTMENT, SGT. W. GARDNER, OFFICER A. REEVES,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 6:23-CV-00368-JCB |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Christian Blanchard, proceeding *pro se*, brought the instant civil action on July 25, 2023. (Doc. No. 1). Thereafter, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP") in this action. (Doc. No. 9). Because Plaintiff requested to proceed IFP, the court reviewed the pleadings in this action pursuant to 28 U.S.C. § 1915(e)(2) (Doc. No. 10) and provided Plaintiff an opportunity to amend her complaint. On October 24, 2023, Plaintiff filed her amended complaint in this matter. (Doc. No. 14). Pursuant to § 1915(e)(2), the court now reviews these allegations.

**BACKGROUND**

**I.       Plaintiff's Original Complaint**

On July 25, 2023, Plaintiff filed this civil action pursuant to 42 U.S.C. § 1983 alleging claims for violations of the Fourth Amendment against Sergeant W. Gardner, Officer A. Reeves, and the City of Tyler Police Department. (Doc. No. 1.) The claims arise from events that occurred at Plaintiff's home on July 31, 2021. Plaintiff alleges that she was having a psychotic episode

caused by withdrawal from her seizure medication, Ativan. *Id.* at 2. Plaintiff alleges that Officer Reeves told EMS that Plaintiff was "just drunk" which led Sergeant Gardner to sign Plaintiff AMA and have her transported to jail instead of being transported to receive medical treatment, which Plaintiff contends she needed. (Doc. No. 1-1, at 3.) Plaintiff alleges that she was at risk of death due to Ativan withdrawal and suffered permanent injuries that are still unknown. *Id.* at 4. Plaintiff alleges that she is now unable to work due to these life-altering injuries. *Id.* at 10. Plaintiff further alleges that she was disabled at the time of the incident, and presented no threat to officers but nonetheless was tasered and pepper sprayed. *Id.* at 4–5. Plaintiff alleges that she was so withdrawn that she did not even react to the pepper spray. *Id.* at 8.

Plaintiff alleges that she was ultimately transported to jail on charges of aggravated kidnapping, but that due to her physical state, it was impossible for her to have kidnapped anyone. *Id.* at 7. It appears that Plaintiff believes that the charges arose from a misunderstanding where she believed a person who came to deliver her groceries was her own daughter and therefore did not want her to leave. *Id.* at 7–8. Again, Plaintiff alleges that her confusion was not the result of alcohol intoxication, but due to her Ativan withdrawal. *Id.* According to Smith County jail records, Plaintiff was booked in the Smith County Jail on charges of Aggravated Kidnapping, Assault Causing Bodily Injury, and Interference with Emergency Request for Assistance on July 31, 2021 and released on March 31, 2022. The record reflects that Plaintiff received a mental health transport and the District Attorney (DA) ultimately declined to prosecute the charges. Plaintiff seeks damages in the amount of $5,000,000.

## II.     The Court's Initial Screening Order

The court reviewed Plaintiff's original complaint pursuant to §1915(e)(2). (Doc. No. 10.) In reviewing the complaint, the court found that Plaintiff had stated a plausible claim for excessive

use of force under the Fourth Amendment; however, the court noted that her complaint failed to identify which officer or officers used each instance of excessive force described. *Id.* at 5. For sake of clarity for the court and defendants, the court directed Plaintiff to name the defendant(s) she believed used excessive force against her.

Further, the court found that Plaintiff had failed to plead a claim for false arrest or unlawful detention under 42 U.S.C. § 1983 because she had not alleged facts that could allow the court to infer that the criminal proceedings against her lacked probable cause. *Id.* at 6.

Finally, the court informed Plaintiff that her claim against the Tyler Police Department cannot proceed because Fifth Circuit precedent does not allow municipal police departments that do not have a separate legal status to be sued independently from the city. *Id.* Plaintiff's complaint did not sue the City of Tyler as a defendant or otherwise allege that the City of Tyler gave the Tyler Police Department any separate legal status or authority to sue or be sued. *Id.*

After identifying these deficiencies in its initial screening order (Doc. No. 10), the court provided Plaintiff two opportunities to amend her complaint (Doc. Nos. 10, 13). Plaintiff eventually filed her first amended complaint on October 24, 2023. (Doc. No. 14).

### III.     Plaintiff's Amended Complaint

In her amended complaint, Plaintiff specifies that she has physical impairments that have been impeding her ability to prosecute the case and recall the events of her arrest. (Doc. No. 14, at 1.) Plaintiff does not state who tased her but indicates that she believes it was Defendant Gardner who signed an AMA allowing EMS to leave the scene and that Defendant Reeves wrote the incident report and was the one who took her to jail instead of to the hospital. *Id.* Plaintiff indicates that there is body camera footage available, but that she does not possess it. *Id.* Further, Plaintiff

3

attaches her medical records (Doc. No. 14-1), an incident report (Doc. No. 14-2), and a summary of her medical records (Doc. No. 14-3.)

## LEGAL STANDARD

28 U.S.C. § 1915(e)(2) provides that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
>> (i) is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also* Fed. R. Civ. P. 8 (To state a plausible claim for relief, a pleading must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought"). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678.

The pleading of a *pro se* plaintiff is to be "liberally construed" and is "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, even with *pro se* litigants, "conclusory allegations or legal conclusions masquerading as factual conclusions" are not sufficient for a well-pleaded complaint. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conf. v. S. Ct. of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)). If the facts alleged in a complaint do not permit the court to infer more than the mere possibility of misconduct, a plaintiff has not shown entitlement to relief. *See Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

## DISCUSSION

Construing the allegations liberally, the court interprets Plaintiff's complaints to allege: (1) violations of the Fourth Amendment for excessive use of force; and (2) violations of the Fourth Amendment for false arrest and unlawful detention.

### A. Claims Against Individual Officers

Plaintiff alleges that despite being compliant with the commands of the officers, she was tased three times and pepper sprayed and tased two more times while she was lying on the ground for not turning over. (Doc. No. 1-1, at 4–5.) Plaintiff states that after the use of force, the body cam shows her lying on the ground unconscious and a voice can be heard asking if Plaintiff was breathing. *Id.* at 5. Here, Plaintiff has plainly alleged that the use of force was excessive to the need because she has alleged that, at the time force was used, she was disabled and physically incapacitated. Moreover, given the facts alleged, it can be inferred that the use of force was objectively unreasonable as Plaintiff alleges that she was tased twice while lying on the ground. *See Darden v. City of Fort Worth, Texas*, 880 F.3d 722, 731 (5th Cir. 2018) (finding that facts

5

alleged that officer threw plaintiff to the ground and tased him twice were sufficient to state a violation of a constitutional right for excessive use of force). In her amended complaint, Plaintiff is unable to identify with certainty which officer allegedly used excessive force on her, but she indicates that body camera footage does exist. (Doc. No. 14, at 1.) Plaintiff further elaborates on her physical condition, which has allegedly gotten worse. *Id.* As such, these claims should proceed past the initial screening stage.

Further, Plaintiff continues to state that she was taken to jail instead of the hospital when she was mentally and physically incapacitated. (Doc. No. 14, at 1.) According to Smith County Jail records, Plaintiff was arrested on-view, without a warrant, on July 31, 2021, for Assault Causing Bodily Injury and Interference with Emergency Request for Assistance. These charges were dropped as the DA declined to prosecute. On that same date, Plaintiff was also arrested on warrant number 114-1527-21 for Aggravated Kidnapping, which was disposed of by a mental health transport. Plaintiff was released on March 31, 2022. With respect to her arrest for Aggravated Kidnapping pursuant to a warrant, Plaintiff has not alleged any facts that the arrest lacked probable cause and there are no facts alleged from which the lack of probable cause could be inferred. Plaintif's additional charges for Assault Causing Bodily Injury and Interference with Emergency Request for Assistance, however, were the result of a warrantless arrest and resulted in favorable termination.

Having screened these claims and construed them liberally in Plaintiff's favor, the court has determined that they should proceed past the initial screening stage. Accordingly, Plaintiff's claims against Defendants Gardner and Reeves for violations of the Fourth Amendment may proceed past the initial screening stage and Plaintiff will be separately ordered to serve her complaint and summonses on Defendants Gardner and Reeves.

## B. Claims Against The City of Tyler Police Department

Although Plaintiff's amended complaint does not specify that she intends to continue asserting a claim against the City of Tyler Police Department, she also has not explicitly dropped them from this action. Plaintiff's original complaint indicates that she has sued the City of Tyler Police Department. (Doc. No. 1.) Under the Federal Rules of Civil Procedure, a party to a lawsuit must have the capacity to be sued. Fed.R.Civ.P. 17(b). A department of a local government entity must "enjoy a separate legal existence" to be subject to a lawsuit. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). The Fifth Circuit has held that Texas law does not allow county or municipal police departments to be sued directly. *Id.* at 313–14; *see also Crull v. City of New Braunfels, Texas*, 267 F. App'x 338, 341– 42 (5th Cir. 2008) (unpublished) ("Therefore, the Police Department is not a separate legal entity apart from the City and the district court did not err in dismissing the claims against the Police Department.").

Here, the City of Tyler Police Department is indisputably a subsidiary department of the City of Tyler. Plaintiff does not allege that the City of Tyler has provided any jural authority to the Police Department to engage in litigation or even that the City of Tyler Police Department has a separate legal existence.[1] Accordingly, the City of Tyler Police Department cannot be sued in its own name. *See Darby*, 939 F.2d at 313. The court therefore **RECOMMENDS** that Plaintiff's claims against the City of Tyler Police Department be **DISMISSED** without prejudice.

Traditionally, district courts are required to permit a *pro se* plaintiff an opportunity to amend her complaint or claim before dismissing the case. However, as Plaintiff has already been given an opportunity to amend and has pleaded her "best case," any further amendment would be futile. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir.

---

[1] Plaintiff also makes no allegations against the City of Tyler itself. (Doc. No. 1.)

2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Therefore, the court declines to afford Plaintiff an additional opportunity to amend her complaint at this juncture.

## CONCLUSION

For the reasons stated above, the court **RECOMMENDS** that that Plaintiff's claims against the City of Tyler Police Department be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted. Plaintiff's claims against Defendants Gardner and Reeves shall proceed past the initial screening stage and a separate order will issue instructing Plaintiff on service.

Within **14 days** after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in this Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the District Judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 31st day of October, 2023.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE